Will the attorneys that are going to present argument today step up and identify yourselves for the record? Before we proceed, I would ask both of you to try to speak up today. We have a class that's going to be listening to the arguments. Ms. Conway, is this the first time you've argued or have you been here before? This is my first time arguing. Let's try to take it easy on you. All right, well, so normally we would allow about 15 minutes for oral argument. Mr. Rainey, you may save up some time for rebuttal. So you may be seated, and Mr. Rainey, you may proceed with your arguments. May it please the Court, Your Honors, the ultimate question in this case is whether the evidence was sufficient to show that police saw Anthony Jones with a handgun. Because the evidence does not allow for reasonable inference of gun possession, the State failed to prove the corpus delecti of the charged offenses. At trial, the State presented no witness who had seen Jones with a gun. The police testimony established that Jones threw a black object, that an officer heard a metallic sound, and that a gun was subsequently recovered on a busy street over which Jones exercised no control. Mr. Rainey, are you asking us to make a credibility determination? Aren't you, in effect, saying the trial judge didn't make the right judgment call on that one? No, Your Honor. In fact, under this corpus delecti argument, I would accept basically everything the officer said as true. I'm not challenging his credibility at all. I'm just saying that his testimony as it was given is insufficient on its own. It just wasn't enough to corroborate the statement that he alleges Mr. Jones made. Isn't there a question about the testimony with regards to the client saying that he actually did pick up a weapon and he says that the officer misrepresented that statement? There were conflicting testimonies. My client denied giving the statement that the officer testified about. But I raised two arguments in the brief. One was two regarding insufficiency of the evidence. One was a straightforward challenge to the sufficiency of the evidence, which does involve credibility determinations. But today I'm focusing really on the corpus delecti aspect, which is accepting the officer's testimony about the statement as true. Because under the corpus delecti rule, even if the statement is true, the officer's testimony about the statement is true, the statement needs to be corroborated to sustain the conviction. A conviction can't rest on an uncorroborated, unmemorialized statement. So are you claiming then that the gun being found in the location where the officer described the object being dropped is not corroborating the evidence? That's correct, Your Honor. I'm using the court's opinions in Harrison and Leisure to support that argument, which find that the recovery of the gun itself did not corroborate a statement admitting gun possession in the absence of independent evidence corroborating the illegal possession. So in this case, I think if the officer testified, I saw him with a gun and a gun is recovered, that's going to corroborate the statement. Perhaps even if the officer said, I think I saw him with something that looked like a gun. The problem here is that his testimony was so vague, I applaud the officer for being honest, but he just didn't see anything. Well, what about his testimony that he observed him pull something from his waist, that it was a black object, he couldn't say what the object was. But then he did testify that when it hit the ground, there was a clinking sound as if it were metal. So couldn't the trial court infer that that testimony suggests that that clunking sound and that object was in fact a gun? In some circumstances, Your Honor, but not these. And the reason is, there are a few. Primarily, the sound was heard on a busy street where we know there are other people around and could have been any number of things. Also, the officer didn't see the object hit the ground. So we don't really know that the sound is even connected to whatever object was thrown. For instance, I mean, even assuming my client threw something and that the sound was connected, which I don't think the record establishes, if he threw something like an Altoids tin, it could make a metal sound. And in this case, I mean, we have a defendant who has prior drug convictions and no weapons convictions. So the officer is very close to him while chasing him and is trained to recognize a gun. So the fact that he could not see a gun from ten feet away when he ran right past the gun as well, I think it's not enough to connect the sound to the object. Do you think he was really paying attention to what the clinking sound was or was he paying attention to the person that was trying to elude him, that he was chasing after? Right. I mean, that's actually, I think, where the problem comes in. He was probably paying attention to Mr. Jones. However, nobody, that leaves an absence of evidence. And in this case, we have other people who are also being chased running in that direction. So that metal sound could have, you know, there's no testimony about what those people were doing or whether the sound could have possibly come from them. What about the officer who actually was hovering over the weapon when the initial officer comes back and he says he's, you know, observing the gun on the ground? Doesn't that corroborate the possession? Because it was located in the area where the officer said he saw an object being dropped. I think it would corroborate the confession if the officer identified the object as the object he saw. But there was no evidence of that. The state didn't introduce the gun and the officer never identified it as the object he saw my client possess. Was there any question? Are you saying that there's a question whether this gun that was recovered was the gun that the officers found on the street? No. It's obviously the gun they found on the street. The question is whether it was the object my client possessed. And when we have other people in the area who could have been prompted to drop a weapon in the presence of police activity, the existence of the gun alone is too far attenuated from my client to connect him to it. What about that case of the defendant that was running down an alley and the officer saw him discard something into a yard? Did the officer there testify that it was a gun? No, but the state presented additional evidence in that case. I believe you're talking about the Pete case that the state relies upon? Yes. That case, I believe, shows what the state maybe should have done in this case. In that case, first of all, we're dealing with different circumstances. That was not a case involving a chase through a heavily trafficked, busy area with a liquor store right in the same area where the gun was found. It was in a private residential street somewhere in the Fourth District area. So we have only two possibilities in that case. The gun was either the defendant's or the owner's of the property to which he threw it, and the state called the owner's of the property to testify that it was not their gun. So here, I mean, the state didn't present any testimony from anybody else that was out there disclaiming ownership of the gun, and that really distinguishes the two situations. When counsel steps up, she's going to probably argue why the two corpus delicti cases you cite are not very convincing. How do you respond? They're very convincing, Your Honor. I mean, the two that she relies on involve constructive possession, and there was substantial evidence in those cases connecting the defendant to the gun. One was sitting under the, was that a pillow or cushions? Right. The defendants in those cases had immediate access to the weapon, so the inference that was made is reasonable. The gun that you're sitting on in one case or can reach in the kitchen cabinet in the other could have been constructively possessed by the defendant because they had control of the area. The state has never argued and really couldn't that Mr. Jones controlled the busy street over which, you know, where this gun was found. They're not actually arguing constructive possession, are they? No, I mean, they can. They're arguing constructive possession for a period of time, a short period of time. Right. And there's no real constructive possession argument, so the question is really, is the officer's testimony about an object enough to establish that the gun was that object? And it's just, you know, I'm familiar with Your Honor's opinion in the Pitts case, in which you talked about the level of corroboration needed to corroborate a statement under the Corpus Delicti rule. And I think in that case you found it doesn't have to amount to proof beyond a reasonable doubt. But there was still a lot of evidence of constructive possession. I mean, the defendant was found in the same house as the gun. I believe there were some documents connecting to the house. So, again, the inference is reasonable. But here there's just nothing really from the officer ever claiming that he saw something that looked like a gun. I think if he got up there and just said, I saw something that, you know, based on my training and experience was about the same size as a gun, about the same shape, and then you find a gun, that's not proof beyond a reasonable doubt. But maybe that's enough to corroborate the statement. Did he testify to that? No. No, there's nothing like that. I mean, he said he couldn't even describe the size, whether it was big or small. That tells me he really didn't see much. What about the proximity of time with regards to when he was arrested and where the officer was standing and the location where the weapon was? Well, it wasn't a lot of time. I mean, I think the testimony ranged between 30, 45 seconds up to a couple of minutes. But it doesn't take much time for somebody to drop a gun, particularly, you know, if there are a lot of people out and an officer is chasing somebody one way, he's, like Your Honor mentioned, the officer is focused on my client, not the 15 other people who are out there or, you know, even more other people that were probably around the liquor store. So it just doesn't take long to drop a gun and walk away. I don't think we need a lot of time. Was there any evidence of any other individuals in the area, in the close proximity of where the weapon was? Well, there was evidence that when the police approached, there were up to 15 people where Mr. Jones was, and that some of those people ran in the same direction as him. There was also evidence from the Officer Garcia that the gun was recovered next to a busy, quote, grocery store, which I think is evidence of other people being there. Officer Catalano testified that Madison, the road on which the gun was found, is a heavily trafficked area. So, yes. Is that the area, or was there testimony that the officer chased him on Madison at some point? Was the testimony that the chase was on Madison, is that the question? Yes, at least initially. Well, the officer pulled up on Whipple, and the chase started on Whipple, and then Mr. Jones, according to the officer, took a right on Madison. Was there testimony that the crowd kind of dispersed once they saw what they thought was a police car? Yes, in different directions, but the officer himself testified that some of those people ran in the same direction as Mr. Jones. Anything further you want to address at this time? Any of the other issues? If there are no further questions, I would ask Your Honors to reverse Mr. Jones' convictions based on the court select argument presented here and the other arguments in the brief as well. All right. We'll permit you some time to rebuttal. Thank you, Your Honors. Good morning again. Good morning, Your Honors. We ask you today to affirm the appellant Anthony Jones' conviction because the defendant was proven guilty by the evidence beyond a reasonable doubt. There's more than enough evidence here that proves the defendant guilty beyond a reasonable doubt. Officer Garcia testified credibly that he responded to a call of a person with a gun. When he arrived on scene, he saw that person that matched the description of the call locked in on that person. After locking in on the defendant, he saw the defendant proceed to run. Officer Garcia was only 15 feet behind the defendant when he saw him reach into his waistband, throw a black metal object that subsequently hit the ground, making a loud metallic noise. Did he describe it, though, as a black metal object, or did he simply say black object? It was a black object that subsequently hit the ground, making a loud metallic noise. And after detaining the defendant, other officers were ultimately able to recover a gun in the exact location that Officer Garcia saw it thrown. How many minutes after? Your Honors, I do not have the exact time period, but it was very brief. Finally, there was also a confession by the defendant where he admitted to having a gun and subsequently running with it. So that is corroborated by the credible eyewitness testimony of Officer Garcia. Were there any cases, though, that you found that didn't involve such a wide open area? The two cases you cite was recovery in a kitchen area, no one else was in there. I think the person had evidence of his residency at that location. And then the other case involved the throwing of a gun or an object into a yard, and they had testimony. The state presented testimony in that case that the owners of that property said that we didn't have any weapons, there's nothing here that belongs to us. So how do you distinguish that? This is an object that's found basically out in the street. Well, I would say that the case that we cite, the P case, is very similar and hardly distinguishable, because in the P case, although it was thrown into a yard, it was thrown in the exact location that it was thrown into a location that was subsequently recovered. And in our case, although there were other people in the area, it was found in the exact location where Officer Garcia saw it thrown. So there was no testimony, there was other people. There was nothing in the record that states that anyone was around the gun or the gun was disturbed. It was found in the exact location that Officer Garcia saw it thrown. Why is this an actual possession case and not a constructive possession case? I think this, the distinguishing between an actual possession and constructive possession is a bit of a red herring in this case. Actual possession and constructive possession are both methods in which a gun could be possessed. So here, this is a classic case of circumstantial. It's a classic actual possession, a circumstantial case of actual possession here. And it's actual possession because Officer Garcia saw the defendant actually possess a black object. He saw him throw that object, and it was subsequently recovered by an additional officer in the exact location that it was found. So the state's position is there's no need to distinguish whether it's actual possession or constructive possession. But here it is a classic circumstantial case of actual possession. What about their argument that the officer's statement is unmemorialized, therefore maybe not totally liable because there was anything memorializing the statement? The state's position is that is an additional red herring. The statement did not need to be memorialized in this case. Why wouldn't it? Why wouldn't they memorialize an admission of the defendant that he had a gun? Wouldn't that be a vital piece of evidence you would want memorialized? It could be, but the state... It could be. An admission of the defendant could be? We would like not to speculate why the statement was not memorialized. Of course, memorializing the statement would be something that could be helpful. But doesn't that go to the officer's credibility? At the trial court level, they were able to properly look at the witnesses, examine their testimony, and examine their credibility. And without there being something extreme in the contrary to reverse the trial court's reviewing of the evidence, we hold at this level it should not be disturbed. The trial court had the opportunity to do credibility, to examine the credibility of the officer, and they deemed the officer credible in this case. Well, in this case, although when you talk about memorialized, there is evidence in the record, isn't there, that there was a police report, a supplementary report containing that same information, the statement? Yes, Your Honor. What about the fact that there was no testimony? There was testimony that the gun was inventory, but the gun was never presented at trial, was it? There was testimony that the gun was inventory, but the state did not believe that it was presented at trial. Any other questions? Do you wish to make further comments on any of the other arguments? We would just like to say that this is not a corpus delicti case. In this case, this case was not built solely on an oral confession. There was credible eyewitness testimony that saw the defendant throw a black object that was subsequently recovered. This case was not based only on the confession of the defendant, and even without the confession of the defendant, we hold that this was still a strong circumstantial evidence case here today. Thank you. Thank you, Your Honors. Thank you, Your Honors. Just two quick points. Your Honor, you mentioned that there's a police report that wasn't introduced and isn't admissible as evidence. It really doesn't, you know, it's just the officer writing down his own statement that he testified to. But wasn't there testimony in this record that the police officers did record the defendant's statement in a supplementary police report? I remember my recollection of the record is that Garcia testified, took no notes on the statement, and made no attempt to memorialize it. Even if it's in a police report, though, I don't think that makes it a memorialized statement. Well, I wasn't suggesting it was memorialized by way of videotape, a phone, a handwritten statement. There was testimony that, and I don't think there's a suggestion for, you know, in the cross, that there wasn't a report that indicated what the defendant said about the gun. I'm not calling it memorialized, but I'm saying that there is evidence in the record that the officer testified that the statement that he made was contained in a supplementary report. Okay. My second point, then, is just that Leisure, I just wanted to point out, the State tried to distinguish Leisure on the basis that the gun was suppressed in that case, and there was no evidence introduced here of a gun. So that's no basis to distinguish the case. Anything further? If there are no further questions, Your Honor, I would ask that you reverse Mr. Jones's convictions. All right. The case was well-argued and well-briefed. We will take the matter under advisement. Thank you, Your Honor.